UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AUTUMN A.[1],

      Plaintiff,

v.                                            1:21-CV-117 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

## DECISION AND ORDER

Plaintiff Autumn A. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 7. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 9, 10. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Supplemental Security Income ("SSI"), filed on February 12, 2018.[2] Tr. 88.[3] Plaintiff's application was initially denied, and she requested a hearing before an administrative law judge ("ALJ"). Tr. 45-77. Following the hearing, ALJ Benjamin Chaykin issued a decision finding that Plaintiff was not disabled. Tr. 17-44. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1-6; Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148,

---

[2] At the time of filing her application, Plaintiff was under the age of eighteen. Tr. 88. Plaintiff reached the age of 18 while her application was pending. The ALJ concluded that prior to attaining the age of 18, Plaintiff did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled the listings and, therefore, Plaintiff was not disabled prior to attaining the age of 18. Tr. 24-34. Neither party challenges the ALJ's children's SSI determination from February 12, 2018, to November 1, 2018. Dkts. 7, 9. For ease of analysis and discussion, only the ALJ's decision concerning the time period November 1, 2018, through March 16, 2020, will be addressed.

[3] The filing at Dkt. 6 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 6 are hereby denoted "Tr. __."

2

1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

II. **Disability Determination**

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or

3

profit. 20 C.F.R. § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* § 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If such criteria are met, then the claimant is declared disabled. *Id.* § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* § 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her/his RFC, age, education, and work experience. 20 C.F.R. § 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her/his RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ determined that, since attaining age 18, Plaintiff had not engaged in substantial gainful activity. Tr. 34. The ALJ also found that Plaintiff suffered from the following severe impairments: affective disorder and anxiety disorder. *Id.* The ALJ concluded that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 35.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels, with occasional interaction with supervisors, co-workers, and the public. Tr. 36. The ALJ found that Plaintiff had no past relevant work. Tr. 37. The ALJ concluded that Plaintiff was not disabled because her age, education, work experience, and RFC allowed her to perform jobs existing in significant numbers in the national economy. Tr. 38. The ALJ concluded that Plaintiff had not been under a disability since she attained the age of 18. *Id.*

II.  **Plaintiff's Arguments**

Plaintiff argues that the ALJ's RFC was the product of his lay opinion. Dkt. 7 at 10-16. Plaintiff also argues that the ALJ failed to evaluate opinion evidence provided by licensed master social worker ("LMSW") Madeline Drilling. *Id.* at 12-13.[4]

III.  **Analysis**

A.  **Opinion Evidence**

Plaintiff argues that the ALJ erred in his evaluation of Ms. Drilling's statement that Plaintiff's social anxiety impacts her life to the point where she is "very limited" in interacting with others and is often unable to leave her home. Dkt. 7 at 12; Tr. 781, 784. Plaintiff makes the related argument that the ALJ's statement—that there was "little evidence" of significant isolation to support Ms. Drilling's opinion—was incorrect. *Id.* at 12.

On October 30, 2018, Ms. Drilling wrote a letter in which she indicated that her organization "cannot observe or determine how an individual responds in a work environment and whether or not they are capable to work." Tr. 781. She stated that, based on clinical observation and judgment, Plaintiff's social anxiety impacted her daily life to the point where she was "often unable to leave her home." *Id.*

---

[4] Ms. Drilling also goes by the last name "Oppenheimer." Tr. 713, 782.

Ms. Drilling composed another letter, dated December 28, 2018, in which she stated that she "cannot provide adequate information related to the questions posted on this form, and do[es] not observe or have any opportunity to determine how a person responds in a work environment." Tr. 782.[5] She indicated in her letter that she completed a form "to the best of [her] knowledge." *Id.*

In addition to Ms. Drillings letters, a social worker completed a form for the Department of Social Services in January 2019. Tr. 783-784.[6] The author of the form opined that Plaintiff was "very limited" in her ability to interact appropriately with others. Tr. 784.

The ALJ concluded that the "social worker letters and assessment" were "not persuasive." Tr. 37. The ALJ reasoned that social workers are not acceptable medical sources. *Id.*; *see* 20 C.F.R. § 416.902(a)(1)-(8), (j)(1)-(4) (listing medical and nonmedical sources sources). The ALJ further concluded that, although the opinions were supported by some narrative explanation, "the record as a whole is inconsistent with the degree of limitation indicated." *Id.* The ALJ found that the record contained "little evidence of significant isolation." *Id.* The ALJ further reasoned that the terms provided on the assessment, such as "very limited" and "moderately limited," were vague. *Id.*

---

[5] It is unclear what "form" Ms. Drilling is referring to in her letter. Tr. 782. There is no form dated December 2018 in the record. The record does contain a "Medical Examination for Employability" form dated January 16, 2019. Tr. 784.

[6] The signature on the form is not legible; however, it appears to match Ms. Drilling's signature. Compare Tr. 781 with Tr. 784.

7

The ALJ properly evaluated Ms. Drilling's statements. As noted by the ALJ, licensed social workers are not acceptable medical sources for the purpose of providing medical opinions. 20 C.F.R. § 416.902(j). The ALJ is tasked with analyzing medical opinions as outlined in 20 C.F.R. § 416.920c(b)(1). These rules do not apply to the ALJ's analysis or consideration of nonmedical sources. *Id.* § 416.920c(d). Although the ALJ was not required to articulate his evaluation of Ms. Drilling's statements, the ALJ nonetheless evaluated her statements under the supportability and consistency factors applicable to medical opinions. Tr. 37.

Plaintiff asserts that the record contains evidence of significant isolation and, therefore, the ALJ erred in his conclusion that the record did not contain such evidence. Dkt. 7 at 12. To be sure, as outlined by Plaintiff, the record contains evidence that supports her assertion that her anxiety limited her ability to interact with others. *Id.* Notations contained Plaintiff's reports of being unable to leave her house without her mother. Tr. 722, 770. Treatment records also reflect an episode where Plaintiff refused to interact with a receptionist. Tr. 725. Although Plaintiff provides evidence of isolation, substantial evidence supports the ALJ's conclusion that the degree of social isolation opined by Ms. Drilling was not supported by the record as whole.

Under the substantial evidence standard of review, Plaintiff cannot merely disagree with the ALJ's weighing of the evidence or argue that evidence in the record could support her position. Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a

8

conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012).

Although the record contains evidence supporting Plaintiff's assertion of social isolation, substantial evidence nonetheless supports the ALJ's determination. Indeed, although Plaintiff often requested that her mother be present during counseling sessions, notations also indicate that Plaintiff was able to meet with her counselor alone. Tr. 716. Plaintiff reported that medication improved her overall mood and she had "moderate" social anxiety. Tr. 824. Plaintiff reported that when her medication ran out, she experienced moderate daily anxiety and "high" social anxiety. Tr. 849. After three years of an alternative school setting, Plaintiff completed her senior year of high school in a public-school setting. Tr. 55-56.

The ALJ further considered objective mental status examinations describing Plaintiff as cooperative with intermittent eye contact, displayed normal speech, and no psychomotor abnormalities. Tr. 35. The ALJ noted that Plaintiff exhibited anxious and depressive thoughts, but showed no abnormal thought processes or perceptions. *Id.* Therefore, "[e]ven though there is also evidence in the record to the contrary and even though an analysis of the substantiality of the evidence must also include that which detracts from its weight" the Court "defers to the Commissioner's resolution of conflicting evidence." *Barrere v. Saul*, 857 F. App'x 22,

9

24 (2d Cir. 2021) (internal quotations and citations omitted); *see Cage v. Comm'r Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012) (substantial evidence is so deferential that there could be two contrary rulings on the same record and both may be affirmed as supported by substantial evidence).

B.     **RFC Absent a Medical Opinion**

Plaintiff argues that the ALJ committed legal error in formulating an RFC absent direct support from a medical opinion. Dkt. 7 at 10-16. Plaintiff asserts that "[o]ne of the most heavily litigated issues in Social Security jurisprudence is when an ALJ can make an RFC finding without a medical opinion—and when [the ALJ] cannot." *Id.* at 10. Plaintiff argues that, "after essentially rejecting the current opinions of record, the ALJ was left with nothing but his lay interpretation of Plaintiff's mental impairments under the adult regulations—which cannot stand." Dkt. 10 at 1. Plaintiff asserts that she provided "dozens of cases" supporting her assertion that "medical expert guidance in crafting an RFC assessment" is necessary. *Id.* Plaintiff's argument fails.

In general, a plaintiff's RFC is the most she can do despite her limitations. 20 C.F.R. § 416.945(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.* § 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."), *see id.* § 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your residual functional capacity").

An ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence. *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). Therefore, the ALJ did not commit legal error in formulating an RFC absent a medical opinion.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 9) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 7). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   August 17, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE